# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AKEEM A. MAKEEN,<br>    Plaintiff(s),<br>v.<br>SUMMIT RIDGE APARTMENT, LLC, et al.,<br>    Defendant(s). | Case No. 2:24-cv-00913-GMN-NJK<br><br>**ORDER TO SHOW CAUSE**<br><br>[Docket No. 6] |

Pending before the Court is Plaintiff's motion to be permitted to file electronically. Docket No. 6.

*Pro se* litigants may request authorization to register as electronic filers in a specific case. Local Rule IC 2-1(b). Electronic filing by *pro se* parties is a privilege granted by the Court that is subject to the Court's inherent authority in managing its docket. *See Silver v. Wolfson*, 2019 U.S. Dist. Lexis 71275, at *3 (D. Nev. Apr. 26, 2019) (revoking permission for electronic filing).

Plaintiff's motion is predicated on his representations that he has had a Pacer account since 2008, that he has "taken the Pacer training class," and that he "never [has] been removed or sanctioned." Docket No. 6 at 1-2. Problematically, a cursory review of the case law appears to contradict Plaintiff's representation that he has never been sanctioned. *See in re Makeen*, 2020 WL 5210908, at *11-13 (10th Cir. B.A.P. Sept. 1, 2020) (in bankruptcy proceeding, affirming sanctions imposed on Plaintiff for vexatious litigation conduct); *Makeen v. Hailey*, 381 P.3d 337, 348 (Colo. App. 2016) (in case in which Plaintiff sued his father, determining that Plaintiff's appeal as to certain issues was frivolous and awarding sanctions on that basis), *cert. denied*, 2016 WL 4800064 (Colo. Sept. 12, 2016).

In light of the above, the motion to be permitted to file electronically is **DENIED** without prejudice. In addition, Plaintiff is **ORDERED** to show cause in writing, no later than June 26,

2024, why he should not be sanctioned in a Court fine of up to $1,000 based on his representation made in this filing that he has not been sanctioned. *See, e.g.*, Fed. R. Civ. P. 11.

IT IS SO ORDERED.

Dated: June 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge